UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKIE J. WEISNER, BE9270,<br>        Plaintiff,<br>    v.<br>L. SALINAS, et al.,<br>        Defendant(s). | Case No. 22-cv-02782-CRB  (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff, a state prisoner at the Correctional Training Facility (CTF) in Soledad, California, has filed a pro se complaint under 42 U.S.C. § 1983 alleging that prison officials "have illegally added a second strike" to his term in order to extend his sentence and hold him "past my lawful release date." Compl. (ECF No. 1) at 3. Plaintiff seeks injunctive relief and damages.

### DISCUSSION

A.    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.      Legal Claims

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" Hill v. McDonough, 547 U.S. 573, 579 (2006) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004)). "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." Id.

Habeas is the "exclusive remedy" for the prisoner who, like plaintiff here, seeks "'immediate or speedier release'" from confinement. Skinner v. Switzer, 562 U.S. 521, 533-34 (2011) (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)). Plaintiff's claim for injunctive relief from the calculation/execution of his sentence he claims will hold him past his lawful release date must be brought in a petition for a writ of habeas corpus under 28 U.S.C. § 2254 after exhausting state judicial remedies. See Calderon v. Ashmus, 523 U.S. 740, 747 (1998). The claim accordingly must be dismissed without prejudice to bringing in a habeas petition. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

Plaintiff's claim for damages for the unlawful calculation/execution of his sentence he claims will hold him past his lawful release date also must be dismissed without prejudice. In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Id. at 487. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. Id. As a result, the

Supreme Court has held that "a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005). But if a claim merely would speed up the plaintiff's consideration for parole and would not necessarily imply the invalidity of the duration of confinement, then that claim may proceed in a § 1983 action. Id. at 82.

In the instant action, plaintiff alleges that prison officials illegally added a second strike to his term in order to extend his sentence and hold him "past my lawful release date." Compl. at 3. A judgment in favor of plaintiff on this claim necessarily would imply the invalidity of the duration of plaintiff's confinement which has not already been invalidated. Plaintiff's claim for damages for the unlawful calculation/execution of his sentence therefore fails to state a cognizable claim under § 1983 and must be dismissed without prejudice. See Trimble, 49 F.3d at 585.

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED under 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. But the dismissal is without prejudice to filing a petition for a writ of habeas corpus after exhausting state judicial remedies and/or a new complaint under § 1983 if a cause of action later accrues.

**IT IS SO ORDERED**.

Dated: August 15, 2022

_____
CHARLES R. BREYER
United States District Judge